United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKA SHIRLEY GALLEGO,<br>　　　　Plaintiff,<br>　　v.<br>DEBORAH K. JOHNSON,<br>　　　　Defendant. | Case No.  16-cv-02720-EMC<br><br>**ORDER TO SHOW CAUSE**<br>Docket No. 1 |

　　　　In 2013, Petitioner Ericka Shirley Gallego was found guilty of kidnapping a child under fourteen years old and residential burglary, and sentenced to eight years in state prison. Docket No. 1-1 (Memorandum of Points & Authorities to Petition for Writ of Habeas Corpus) (Mem.) at 2. Gallego is now incarcerated at Central California Women's Facility in Chowchilla, California. *Id.* at 1. Gallego's petition for a writ of habeas corpus was denied by the Contra Costa Superior Court on January 8, 2016, by the California Court of Appeal on February 10, 2016, and by the California Supreme Court on May 18, 2016. *See* Mem., Exhs. D-F. Gallego has now filed a petition for habeas relief, claiming ineffective assistance of counsel and denial of due process. *Id.* at 1.

　　　　The Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See*

*Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Here, it does not appear from the face of the petition that it is patently without merit, as one or more claims are exhausted. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon Respondents. The Clerk shall also serve a copy of this order (via electronic filing) on Petitioner's counsel.

2. Respondents shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, she shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If she does not do so, the Petition will be deemed submitted and ready for decision on the date the Traverse is due.

**IT IS SO ORDERED**.

Dated: June 29, 2016

_____
EDWARD M. CHEN
United States District Judge