UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKA SHIRLEY GALLEGO, Petitioner, v. DEBORAH K. JOHNSON, Respondent. | Case No. 16-cv-02720-EMC<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 2253**<br><br>Docket No. 33 |

Petitioner Ericka Shirley Gallego filed a petition in this Court seeking a writ of habeas corpus on ineffective assistance of counsel grounds. This Court dismissed Petitioner's request without reaching the merits of her ineffective assistance of counsel claims because adequate and independent state law grounds supported the conviction. *See* Docket Nos. 31, 32. Petitioner subsequently filed a Notice of Appeal to the Ninth Circuit Court of Appeals, but did not include a request for a certificate of appealability pursuant to 28 U.S.C. § 2253. *See* Docket No. 33. On August 18, 2017, the Ninth Circuit ordered this Court to determine whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c). *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) ("Upon the filing of a notice of appeal and a request for a certificate of appealability, the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted.").

For the reasons below, this Court **DENIES** the request for a certificate of appealability.

A. <u>Petitioner's State Habeas Proceedings</u>

Petitioner was convicted of kidnapping of a child under 14 years of age on April 15, 2013. She appealed her conviction to the California Court of Appeal, which affirmed on July 29, 2014. Over a year later, on September 3, 2015, Gallego filed her first Petition for Writ of Habeas Corpus

to the California Court of Appeal. Her petition was denied without prejudice. She re-filed the same petition with the Contra Costa County Superior Court on November 3, 2015. The Superior Court denied her petition on January 8, 2016, stating, in part, that "the present petition is not timely" and citing the California Supreme Court's decision in *In re Clark*, 5 Cal.4th 750 (1993). On January 12, 2016, Gallego filed the same Petition for Writ of Habeas Corpus with the California Court of Appeal, which denied her request in a summary disposition on February 10, 2016. On February 26, 2016, she submitted the petition to the California Supreme Court, which also denied it in a summary disposition on May 18, 2016. *See generally* Docket No. 31 at 1-2.

B. Legal Standard

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Rather, a circuit justice or district court judge must issue a certificate of appealability, but may do so "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1). This inquiry "is not coextensive with a merits analysis." *Buck*, 137 S.Ct. at 773. "[T]he only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

C. Analysis

Whether a certificate of appealability should issue in this case "has two components, one

1  directed at the underlying constitutional claims and one directed at the district court's procedural
2  holding." *Slack*, 529 U.S. at 484-85. Petitioner must prevail on both showings before an appeal
3  can be made. Here, the Court may dispose of the application fairly and promptly by resolving the
4  procedural holding. *Id.* ("[A] court may find that it can dispose of the application in a fair and
5  prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the
6  record and arguments."). The Court concludes that a certificate should not issue because
7  reasonable jurists could not debate that independent and adequate state law grounds regarding the
8  untimeliness of her petition supported her conviction.

As the Court's order explained, the California Superior Court denied Petitioner's habeas petition on January 8, 2016, stating, in part that "the present petition is not timely. (*See In re Clark* (1993) 5 Cal.4th 750)." *See* Docket No. 31 at 2. The United States Supreme Court has specifically held that California's bar against untimely state habeas petitions is "adequate" to support a judgment denying federal habeas relief, even if the state court's summary disposition merely cites to *In re Clark*. *See Walker v. Martin*, 562 U.S. 307, 321 (2011). Indeed, the Court explicitly held that "[a] summary denial citing *Clark* and *Robbins* means that the petition is rejected as untimely." *Id.* at 313. In this case, the Superior Court not only cited the relevant cases, but explicitly stated "the present petition is not timely." *See* Docket No. 31 at 2. Gallego's subsequent attempts to bring the same petition before the California Court of Appeals and California Supreme Court were denied in a summary manner without explanation; accordingly, it is proper to assume that they were also based on the petition's untimeliness. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. [. . .] [W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."). Thus, it was clear and unambiguous that independent and adequate state law grounds existed to reject the petition.

The Court thus concludes that reasonable jurists could not disagree about whether her conviction was supported by independent and adequate state law grounds, namely, the

untimeliness of her habeas petitions. Accordingly, under *Slack*, Petitioner's request for a certificate of appealability is properly denied without reaching the merits of her ineffective assistance of counsel claim.

**IT IS SO ORDERED**.

Dated: August 22, 2017

_____
EDWARD M. CHEN
United States District Judge